UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Docket No.: 1:20-cv-05489

ALICE KARAMOUZIS,

                                  Plaintiff,

               -against-

TARGET CORPORATION and ALL JERSEY
JANITORIAL SERVICE NY, INC.,

                                Defendants.

-------------------------------------------------------------------X

Filing Date: 3/23/21

**AMENDED SUMMONS**

To the above-named Defendant:

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Melville, New York
          March 23, 2021

**Defendants' addresses:**

| | |
|---|---|
| **TARGET CORPORATION**<br>C/O Fishman McIntyre Berkeley<br>Levine Samansky, P.C.<br>521 Fifth Avenue, 17th Floor<br>New York, New York 10175 | **ALL JERSEY JANITORIAL SERVICE NY, INC.**<br>C/O Steven Sewald, CPA<br>242 Route 79, Suite 3<br>Morganville, New Jersey 07751 |

_____
BY: JOSEPH M. SORCE, ESQ.
**BRAGOLI & ASSOCIATES, P.C.**
Attorneys for Plaintiff
**ALICE KARAMOUZIS**
300 Broadhollow Road, Suite 100W
Melville, New York 11747
(631) 423-7755

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ALICE KARAMOUZIS,

                               Plaintiff,

-against-

TARGET CORPORATION and ALL JERSEY
JANITORIAL SERVICE NY, INC.,

                               Defendants.
-------------------------------------------------------------------------X

Docket No.: 1:20-cv-05489

Filing Date: 3/23/21

**AMENDED VERIFIED COMPLAINT**

       **PLAINTIFF**, by her attorneys, **BRAGOLI & ASSOCIATES, P.C.**, complaining of the Defendant herein, hereby allege upon information and belief, the following:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, ALICE KARAMOUZIS AGAINST DEFENDANT, TARGET CORPORATION

1. That at all times hereinafter mentioned, Plaintiff, **ALICE KARAMOUZIS**, was and still is a resident of the County of Queens, State of New York.

2. That at all times hereinafter mentioned, Plaintiff, **ALICE KARAMOUZIS**, maintained a residence at 2316 144th Street, Apartment # 1, Whitestone, New York 11357.

3. That at all times hereinafter mentioned, the Defendant, **TARGET CORPORATION**, was a domestic business corporation duly organized and existing in the State of New York.

4. That at all times hereinafter mentioned, the Defendant, **TARGET CORPORATION**, was a domestic business corporation authorized to do business in the State of New York.

5. That at all times herein mentioned, the Defendant, **TARGET CORPORATION**,

was, and still is, a foreign business corporation duly organized and existing under and by virtue of the laws of the State of New York.

6. That at all times herein mentioned, the Defendant, **TARGET CORPORATION**, was, and still is, a foreign business corporation duly authorized to do business in the State of New York.

7. That at all times herein mentioned, the Defendant, **TARGET CORPORATION**, was the owner of the premises located at 13505 20th Avenue, College Point, NY 11356 (hereinafter referred to as the "subject premises").

8. That at all times hereinafter mentioned, Defendant, **TARGET CORPORATION**, was the lessee of the subject premises.

9. That at all times hereinafter mentioned, Defendant, **TARGET CORPORATION**, was the lessor of the subject premises.

10. That at all times hereinafter mentioned, Defendant, **TARGET CORPORATION**, its agents, servants, and/or employees were responsible for the subject premises.

11. That at all times hereinafter mentioned, Defendant, **TARGET CORPORATION**, its agents, servants and/or employees maintained the subject premises.

12. That at all times hereinafter mentioned, Defendant, **TARGET CORPORATION**, its agents, servants and/or employees repaired the subject premises.

13. That at all times hereinafter mentioned, Defendant, **TARGET CORPORATION**, its agents, servants and/or employees managed the subject premises.

14. That at all times hereinafter mentioned, Defendant, **TARGET CORPORATION**, its agents, servants and/or employees inspected the subject premises.

15. That at all times hereinafter mentioned, Defendant, **TARGET CORPORATION,** its agents, servants and/or employees supervised the subject premises.

16. That at all times hereinafter mentioned, Defendant, **TARGET CORPORATION,** its agents, servants and/or employees controlled the subject premises.

17. That at all times hereinafter mentioned, Defendant, **TARGET CORPORATION,** its agents, servants and/or employees operated the subject premises.

18. That at all times hereinafter mentioned, Defendant, **TARGET CORPORATION,** its agents, servants and or employees had a duty to properly own, lease, maintain, repair, manage, inspect, supervise, control and operate the subject premises.

19. That at all times hereinafter mentioned, Defendant, **TARGET CORPORATION,** its agents, servants and or employees breached their duty to own, lease, maintain, repair, manage, inspect, supervise, control and operate the subject premises.

20. That on or about November 6, 2018, Plaintiff, **ALICE KARAMOUZIS**, was lawfully traversing the subject premises.

21. That on or about November 6, 2018, Plaintiff, **ALICE KARAMOUZIS**, was lawfully traversing the subject premises, when she was caused to trip/slip and fall, as a result of a dangerous and hazardous condition.

22. The above-mentioned occurrence, and the results thereof, were caused by the negligence of the Defendant and/or said Defendant's agents, servants, employees and/or licensees in the ownership, operation, management, supervision, maintenance, control, inspection and repair of the subject premises.

23. That Defendant, **TARGET CORPORATION,** its agents, servants and/or employees were reckless, careless and negligent in the ownership, operation, management,

maintenance, supervision, inspection, repair and control of the subject premises; by permitting a dangerous and hazardous condition to exist so that it was dangerous for persons, in particular, this Plaintiff, **ALICE KARAMOUZIS;** by failing to keep the said premises in a reasonably safe condition; in failing to remedy said condition; in failing to post warnings; in allowing the premises to become and remain in a defective and/or dangerous condition; in failing to keep the subject premises in a reasonably safe condition prior to and including November 6, 2018; in causing, creating, allowing, and/or permitting a dangerous and hazardous condition; in failing to remedy said condition; in failing to warn the public at large and, in particular, the Plaintiff herein, of the dangers inherent therein which were likely to cause injury to the Plaintiff, **ALICE KARAMOUZIS;** in failing to take reasonable steps, precautions and safeguards to keep the premises in a reasonably safe condition; in failing to post warnings, barriers and or signs to warn the public of the dangerous condition; in permitting the condition to exist for an unreasonable period of time; in failing to inspect, timely inspect and/or properly inspect the premises herein; and Defendant, its agents, servants and/or employees were otherwise reckless, careless and negligent in the ownership, operation, management, maintenance, supervision, inspection, repair and control of the subject premises.

24. That as result of the foregoing, Plaintiff, **ALICE KARAMOUZIS**, sustained certain severe personal injuries.

25. The aforesaid injuries sustained by Plaintiff, **ALICE KARAMOUZIS**, were caused solely by reason of the negligence of the Defendant, and without any negligence or fault on the part of the Plaintiff contributing thereto.

26. That Defendant, **TARGET CORPORATION**, its agents, servants and/or employees had actual notice of the aforementioned dangerous and defective condition.

27. That Defendant, **TARGET CORPORATION,** its agents, servants and/or employees had constructive notice of the aforementioned dangerous and defective condition.

28. That as a result of the foregoing, Plaintiff, **ALICE KARAMOUZIS,** sustained serious, severe and permanent injuries and was rendered sick, sore, lame, and disabled; Plaintiff, **ALICE KARAMOUZIS,** was caused to suffer great physical pain, discomfort, and disability and will continue to suffer pain, discomfort, and disability in the future; Plaintiff, **ALICE KARAMOUZIS,** was caused to undergo hospital and medical care, aid, and treatment, and may continue to undergo medical care, aid and treatment for a long period of time to come in the future; Plaintiff, **ALICE KARAMOUZIS,** incurred large sums of expenses for medical care, aid, and attention; Plaintiff, **ALICE KARAMOUZIS,** was further caused to become incapacitated from and hindered in the progress of her usual pursuits, duties, and activities for a long period of time to come in the future.

29. That as a result of the foregoing, Plaintiff, **ALICE KARAMOUZIS,** has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

<u>**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, ALICE KARAMOUZIS, AGAINST DEFENDANT, ALL JERSEY JANITORIAL SERVICE NY, INC.**</u>

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "29" of the Verified Complaint as though the same were more fully set forth at length herein.

31. That at all times hereinafter mentioned, Defendant, **ALL JERSEY JANITORIAL SERVICE NY, INC.,** was, and still is, a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

32. That at all times hereinafter mentioned, Defendant, **ALL JERSEY JANITORIAL SERVICE NY, INC.**, was, and still is, a domestic business corporation duly authorized to do business in the State of New York.

33. That at all times herein mentioned, the Defendant, **ALL JERSEY JANITORIAL SERVICE NY, INC.**, entered into a maintenance contract to perform work at the Target Store located at located at 13505 20th Avenue, College Point, New York 11356 (hereinafter referred to as the "subject premises").

34. That at all times herein mentioned, the Defendant, **ALL JERSEY JANITORIAL SERVICE NY, INC.**, was the lessor of the subject premises.

35. That at all times herein mentioned, the Defendant, **ALL JERSEY JANITORIAL SERVICE NY, INC.**, was the property manager of the subject premises.

36. That at all times herein mentioned, the Defendant, **ALL JERSEY JANITORIAL SERVICE NY, INC.**, was the lessee/tenant of the subject premises.

37. That at all times relevant hereto, Defendant, **ALL JERSEY JANITORIAL SERVICE NY, INC.**, its agents, servants, and/or employees were responsible for the subject premises.

38. That at all times relevant hereto, Defendant, **ALL JERSEY JANITORIAL SERVICE NY, INC.**, its agents, servants and/or employees, maintained the subject premises.

39. That at all times relevant hereto, Defendant, **ALL JERSEY JANITORIAL SERVICE NY, INC.**, its agents, servants, and/or employees, controlled the subject premises.

40. That at all times relevant hereto, Defendant, **ALL JERSEY JANITORIAL SERVICE NY, INC.**, its agents, servants, and/or employees, managed the subject premises.

41. That at all times relevant hereto, Defendant, **ALL JERSEY JANITORIAL**

SERVICE NY, INC., its agents, servants and/or employees, supervised the subject premises.

42. That at all times relevant hereto, Defendant, **ALL JERSEY JANITORIAL SERVICE NY, INC.**, its agents, servants, and/or employees, inspected the subject premises.

43. That at all times relevant hereto, Defendant, **ALL JERSEY JANITORIAL SERVICE NY, INC.**, its agents, servants, and/or employees, performed repairs at the subject premises.

44. That at all times hereinafter mentioned, Defendant, **ALL JERSEY JANITORIAL SERVICE NY, INC.**, its agents, servants and/or employees had the duty to properly own, maintain, operate, manage, inspect, supervise, repair and control the subject premises.

45. That at all times hereinafter mentioned, Defendant, **ALL JERSEY JANITORIAL SERVICE NY, INC.**, its agents, servants and/or employees breached their duty to properly own, maintain, operate, manage, inspect, supervise, repair and control the subject premises.

46. That on or about November 6, 2018, Plaintiff, **ALICE KARAMOUZIS**, was lawfully within the subject premises.

47. That on or about November 6, 2018, Plaintiff, **ALICE KARAMOUZIS**, was lawfully traversing the subject premises, when she was caused to trip/slip and fall, as a result of a dangerous and hazardous condition.

48. The above-mentioned occurrence, and the results thereof, were caused by the negligence of the Defendant and/or said Defendant's agents, servants, employees and/or licensees in the ownership, operation, management, supervision, maintenance, control, inspection and repair of the subject premises.

49. That Defendant, **ALL JERSEY JANITORIAL SERVICE NY, INC.**, its agents, servants and/or employees were reckless, careless and negligent in the ownership, operation, management, maintenance, supervision, inspection, repair and control of the subject premises; by permitting a dangerous and hazardous condition to exist so that it was dangerous for persons, in particular, this Plaintiff, **ALICE KARAMOUZIS;** by failing to keep the said premises in a reasonably safe condition; in failing to remedy said condition; in failing to post warnings; in allowing the premises to become and remain in a defective and/or dangerous condition; in failing to keep the subject premises in a reasonably safe condition prior to and including November 6, 2018; in causing, creating, allowing, and/or permitting a dangerous and hazardous condition; in failing to remedy said condition; in failing to warn the public at large and, in particular, the Plaintiff herein, of the dangers inherent therein which were likely to cause injury to the Plaintiff, **ALICE KARAMOUZIS;** in failing to take reasonable steps, precautions and safeguards to keep the subject premises in a reasonably safe condition; in failing to post warnings, barriers and or signs to warn the public of the dangerous condition; in permitting the condition to exist for an unreasonable period of time; in failing to inspect, timely inspect and/or properly inspect the subject premises herein; and Defendant, its agents, servants and/or employees were otherwise reckless, careless and negligent in the ownership, operation, management, maintenance, supervision, inspection, repair and control of the subject premises.

50. That as result of the foregoing, Plaintiff, **ALICE KARAMOUZIS**, sustained certain severe personal injuries.

51. The aforesaid injuries sustained by Plaintiff, **ALICE KARAMOUZIS**, was caused solely by reason of the negligence of the Defendant, and without any negligence or fault on the part of the Plaintiff contributing thereto.

52.     That Defendant, **ALL JERSEY JANITORIAL SERVICE NY, INC.**, its agents, servants and/or employees had actual notice of the aforementioned dangerous and defective condition.

53.     That Defendant, **ALL JERSEY JANITORIAL SERVICE NY, INC.**, its agents, servants and/or employees had constructive notice of the aforementioned dangerous and defective condition.

54.     That as a result of the foregoing, Plaintiff, **ALICE KARAMOUZIS,** sustained serious, severe and permanent injuries and was rendered sick, sore, lame, and disabled; Plaintiff, **ALICE KARAMOUZIS,** was caused to suffer great physical pain, discomfort, and disability and will continue to suffer pain, discomfort, and disability in the future; Plaintiff, **ALICE KARAMOUZIS,** was caused to undergo hospital and medical care, aid, and treatment, and may continue to undergo medical care, aid and treatment for a long period of time to come in the future; Plaintiff, **ALICE KARAMOUZIS,** incurred large sums of expenses for medical care, aid, and attention; Plaintiff, **ALICE KARAMOUZIS,** was further caused to become incapacitated from and hindered in the progress of her usual pursuits, duties, and activities for a long period of time to come in the future.

55.     That as a result of the foregoing, Plaintiff, **ALICE KARAMOUZIS,** has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction

**WHEREFORE**, on the First Cause of Action, Plaintiff, **ALICE KARAMOUZIS,** demands judgment against the Defendant, **TARGET CORPORATION;** and on the Second Cause of Action, Plaintiff, **ALICE KARAMOUZIS,** demands judgment against Defendant, **ALL JERSEY JANITORIAL SERVICE NY, INC.;** together with the costs and disbursements

of this action.

Dated:  Melville, New York
        March 23, 2021

Yours, etc.,

_____
BY: **JOSEPH M. SORCE, ESQ.**
**BRAGOLI & ASSOCIATES, P.C.**
Attorneys for Plaintiff
**ALICE KARAMOUZIS**
300 Broadhollow Road, Suite 100W
Melville, New York 11747
(631) 423-7755

## ATTORNEY'S VERIFICATION

The undersigned, an attorney duly admitted and licensed to practice in the Courts of the State of New York, hereby affirms the following to be true under the penalties of perjury:

I am the attorney for the Plaintiff in the within action; that the undersigned has read the foregoing **VERIFIED COMPLAINT** and knows the contents thereof; that the same is true to affirmant's own knowledge, except as to those matters alleged to be true upon information and belief, and as to those affirmant believe them to be true.

The undersigned further states that the reason this verification is made by the undersigned and not by Plaintiff is that the Plaintiff does not reside within the County where affirmant maintains an office.

The grounds of affirmant's belief as to all matters not stated to be upon affirmant's knowledge, are documents, correspondences, and records maintained in affirmant's files and conversations had with the Plaintiff.

The undersigned affirms that the foregoing statements are true, under the penalty of perjury.

Dated: Melville, New York
March 23, 2021

_____
JOSEPH M. SORCE, ESQ.

**Index No.:**
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

=====================================================================

**ALICE KARAMOUZIS,**

                                                                                                          **Plaintiff,**

-against-

**TARGET CORPORATION and ALL JERSEY JANITORIAL SERVICE NY, INC.,**

                                                                                                           **Defendants.**

=====================================================================

**SUMMONS and VERIFIED COMPLAINT**

=====================================================================

*BRAGOLI & ASSOCIATES, P.C.*
*Attorneys for the Plaintiff*
*ALICE KARAMOUZIS*
*300 Broadhollow Road, Suite 100W*
*Melville, New York 11747*
*(631) 423-7755*

=====================================================================

**To:>**
**Attorney(s) for>**

=====================================================================

**Service of a copy of the within**                          **is hereby admitted.**

**Dated,**                                                  _____

                                                                  **Attorney(s) for**

=====================================================================

**Sir: - Please take notice**

**that the within is a true copy of a**           **duly entered in the office of the clerk of the**
**within named court on**

**Dated:**        **, 2021**
Attorney signature pursuant to Sec. 130-1.1-a of the Rules of the Chief Administrator
(22NYCRR)

                                                                Yours, etc.

                                                     _____
                                               **BY: JOSEPH M. SORCE, ESQ.**
                                               *BRAGOLI & ASSOCIATES, P.C.*
                                               *Attorneys for the Plaintiff*
                                               *ALICE KARAMOUZIS*
                                               *300 Broadhollow Road, Suite 100W*
                                               *Melville, New York 11747*