UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ALICE KARAMOUZIS,

                     Plaintiff,

     - against -

TARGET CORPORATION and ALL JERSEY
JANITORIAL SERVICE NY, INC.,

                    Defendant.

------------------------------------------------------------------------X

Docket No.:1:20-cv-05489

**ANSWER TO AMENDED
VERIFIED COMPLAINT
WITH CROSS-CLAIMS
AND DEMAND TO
ANSWER**

**JURY DEMANDED**

     PLEASE TAKE NOTICE, that defendant, ALL JERSEY JANITORIAL SERVICE NY,

INC., by its attorneys, O'CONNOR REDD ORLANDO LLP as and for its Answer to

plaintiff's Amended Verified Complaint, sets forth the following, upon information and belief:

<u>**ANSWERING THE FIRST CAUSE OF ACTION**</u>

     1.     Denies any knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations in the paragraph of the Amended Verified Complaint marked

and designated "1".

     2.     Denies any knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations in the paragraph of the Amended Verified Complaint marked

and designated "2".

     3.     Denies any knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations in the paragraph of the Amended Verified Complaint marked

and designated "3".

     4.     Denies any knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations in the paragraph of the Amended Verified Complaint marked

and designated "4".

     5.     Denies any knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations in the paragraph of the Amended Verified Complaint marked

and designated "5".

     6.     The paragraph of the Verified Amended Complaint marked and designated

"6" is admitted.

      7.     Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Amended Verified Complaint marked and designated "7".

      8.     Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Amended Verified Complaint marked and designated "8".

      9.     Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Amended Verified Complaint marked and designated "9".

      10.     Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Amended Verified Complaint marked and designated "10".

      11.     Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Amended Verified Complaint marked and designated "11".

      12.     Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Amended Verified Complaint marked and designated "12".

      13.     Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Amended Verified Complaint marked and designated "13".

      14.     Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Amended Verified Complaint marked and designated "14".

      15.     Denies any knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations in the paragraph of the Amended Verified Complaint marked and designated "15".

16. Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Amended Verified Complaint marked and designated "16".

17. Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Amended Verified Complaint marked and designated "17".

18. Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Amended Verified Complaint marked and designated "18".

19. Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Amended Verified Complaint marked and designated "19".

20. Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Amended Verified Complaint marked and designated "20".

21. Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Amended Verified Complaint marked and designated "21".

22. Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Amended Verified Complaint marked and designated "22".

23. Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Amended Verified Complaint marked and designated "23".

24.     Denies all the allegations contained in the paragraph of the Amended Verified Complaint marked and designated "24".

25.     Denies all the allegations contained in the paragraph of the Amended Verified Complaint marked and designated "25".

26.     Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Amended Verified Complaint marked and designated "26".

27.     Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Amended Verified Complaint marked and designated "27".

28.     Denies all the allegations contained in the paragraph of the Amended Verified Complaint marked and designated "28".

29.     Denies all the allegations contained in the paragraph of the Verified Complaint marked and designated "29".

## ANSWERING THE SECOND CAUSE OF ACTION

30.     As to paragraph "30" of the plaintiff's Amended Verified Complaint, the answering defendant repeats, realleges and reiterates each and every denial of the allegations contained in the paragraphs of the Amended Verified Complaint marked and designated "1" through "29" as if said denials were more fully and specifically set forth at length herein.

31.     The paragraph of the Amended Verified Complaint marked and designated "31" is admitted.

32.     The paragraph of the Amended Verified Complaint marked and designated "32" is admitted.

33.     Denies all the allegations contained in the paragraph of the Amended Verified Complaint marked and designated "33".

34.     Denies all the allegations contained in the paragraph of the Amended Verified Complaint marked and designated "34".

35.     Denies all the allegations contained in the paragraph of the Amended Verified Complaint marked and designated "35".

36.     Denies all the allegations contained in the paragraph of the Amended Verified Complaint marked and designated "36".

37.     Denies all the allegations contained in the paragraph of the Amended Verified Complaint marked and designated "37".

38.     Denies all the allegations contained in the paragraph of the Amended Verified Complaint marked and designated "38".

39.     Denies all the allegations contained in the paragraph of the Amended Verified Complaint marked and designated "39".

40.     Denies all the allegations contained in the paragraph of the Amended Verified Complaint marked and designated "40".

41.     Denies all the allegations contained in the paragraph of the Amended Verified Complaint marked and designated "41".

42.     Denies all the allegations contained in the paragraph of the Amended Verified Complaint marked and designated "42".

43.     Denies all the allegations contained in the paragraph of the Amended Verified Complaint marked and designated "43".

44.     Denies all the allegations contained in the paragraph of the Amended Verified Complaint marked and designated "44".

45.     Denies all the allegations contained in the paragraph of the Amended Verified Complaint marked and designated "45".

46.     Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Amended Verified Complaint marked

and designated "46".

47.     Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Amended Verified Complaint marked and designated "47".

48.     Denies all the allegations contained in the paragraph of the Amended Verified Complaint marked and designated "48".

49.     Denies all the allegations contained in the paragraph of the Amended Verified Complaint marked and designated "49".

50.     Denies all the allegations contained in the paragraph of the Amended Verified Complaint marked and designated "50".

51.     Denies all the allegations contained in the paragraph of the Amended Verified Complaint marked and designated "51".

52.     Denies all the allegations contained in the paragraph of the Amended Verified Complaint marked and designated "52".

53.     Denies all the allegations contained in the paragraph of the Amended Verified Complaint marked and designated "53".

54.     Denies all the allegations contained in the paragraph of the Amended Verified Complaint marked and designated "54".

55.     Denies all the allegations contained in the paragraph of the Amended Verified Complaint marked and designated "55".

**AS AND FOR A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

56.     Any injuries and/or damages sustained by the plaintiff, as alleged in the plaintiff's Amended Verified Complaint herein, which the answering defendant denies, were caused, in whole or in part, by the contributory negligence and/or culpable conduct of the plaintiff and not as a result of any negligence and/or culpable conduct on the part of the answering defendant.

**AS AND FOR A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

57.     That by entering into the activity in which the plaintiff was engaged at the time of the occurrence set forth in the Amended Verified Complaint, said plaintiff knew the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiff herein as alleged in the Amended Verified Complaint arose from and were caused by reason of such risks voluntarily undertaken by the plaintiff in the activities and such risks were assumed and accepted by the plaintiff in performing and engaging in said activities.

**AS AND FOR A THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

58.     This Court lacks subject matter jurisdiction in that there is not complete diversity of citizenship among the parties.

**AS AND FOR A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

59.     In the event plaintiff recover a verdict or judgment against this answering defendants, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been or will, with reasonable certainty, replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, Workers' Compensation or employee benefit programs.

**AS AND FOR A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

60.     Pursuant to the provisions of Article 16 of the C.P.L.R., should this answering Defendant be found liable for damages, such liability being 50 percent or less of the total liability assigned to all persons liable, the liability of this answering Defendant for non-economic loss shall not exceed its equitable share determined in accordance with the relative culpability of all parties liable.

**AS AND FOR A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

61.     The negligence of a third person or entity over whom this answering

7

defendant had no control was a superseding cause and insulates this answering defendant from liability.

### AS AND FOR A SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

62.     Plaintiff destroyed evidence that was subject to discovery in this lawsuit and would be admissible in evidence at trial, thereby depriving this Court and this answering defendant of such evidence and, therefore, plaintiff's suit ought to be barred.

### AS AND FOR A EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

63.     An unknown third-party destroyed evidence that was subject to discovery in this lawsuit and would be admissible in evidence at trial, thereby depriving this Court and this answering defendant of such evidence and, therefore, plaintiff's suit ought to be barred.

### AS AND FOR A NINTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

64.     Plaintiff failed to exercise ordinary care to effect a cure and to prevent aggravation of the alleged injury and damages.

### AS AND FOR A TENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

65.     The provisions of C.P.L.R. Article 50-B apply to any verdict in this case.

### AS AND FOR A CROSS-CLAIM AGAINST THE CO-DEFENDANTS TARGET CORPORATION, DEFENDANT, ALL JERSEY JANITORIAL SERVICE NY, INC. ALLEGES:

66.     If Plaintiff sustained any injuries or damages as alleged in the Amended Verified Complaint, which this answering defendant denies, then such injuries or damages were caused by reason of the culpable conduct, acts or omissions, negligence, strict products liability, statutory violation, breach of contract, obligation or warranty of the co-defendant above-named.

By reason of the foregoing, this answering defendant is entitled to contractual indemnification, common law indemnification and/or contribution from, and on each such cause of action to have judgment over and against the co-defendant(s) above-named, for

all or part of any verdict or judgment that plaintiff may recover against this answering defendant.

    **WHEREFORE**, defendant, ALL JERSEY JANITORIAL SERVICE OF NY, INC., demands judgment dismissing the Amended Verified Complaint or, in the event the plaintiffs recover a verdict or judgment against this defendant, then said defendant demand judgment against the co-defendant and plaintiff above-named on the cross-claim, for all or part of any such verdict or judgment, together with the attorneys' fees, costs and disbursements of this action.

Dated:   April 16, 2021
     Port Chester, New York     Yours, etc.,

                 O'CONNOR REDD ORLANDO LLP

                 *Steven M. O'Connor*
                 Steven M. O'Connor (SMO-8230)
                 **Attorneys for Defendant**
                 **ALL JERSEY JANITORIAL**
                 **SERVICE NY, INC.**
                 P.O. Box 1000|242 King Street
                 Port Chester, New York 10573
                 Main 914-686-1700|Fax 914-328-3184
                 soconnor@oconnorlawfirm.com

TO:

Joseph M. Sorce
BRAGOLI & ASSOCIATES, P.C.
Attorneys for Plaintiff
300 Broadhollow Road, Suite 100W
Melville, New York 11747
(631) 423-7755
jsardelli@bragolilaw.com

Mitchell B. Levine
FISHMAN McINTYRE BERKELE
   LEVINE SMANSKY P.C.
Attorneys for Defendant
**TARGET CORPORATION**
521 Fifth Avenue 17th Floor
New York, New York 10175
(212)461-7190
File No.:TARN-173-ML
mitch@fishmanmcintyre.com

## CERTIFICATION

This is to certify that on this 16th day of April, 2021, a copy of the foregoing was served the within **ANSWER TO AMENDED COMPLAINT WITH CROSS-CLAIMS AND DEMAND TO ANSWER AND JURY DEMANDED,** via ECF and by depositing a copy of same properly enclosed in a post-paid wrapper in the Official Depository maintained and exclusively controlled by the United States, directed to said attorney(s), respectively, at said address(es) within the State designated for that purpose upon the last papers served in this action or the place where the above then kept offices, according to the best information which can be conveniently obtained.


TO:

Joseph M. Sorce
BRAGOLI & ASSOCIATES, P.C.
Attorneys for Plaintiff
300 Broadhollow Road, Suite 100W
Melville, New York 11747
(631) 423-7755
jsardelli@bragolilaw.com

Mitchell B. Levine
FISHMAN McINTYRE BERKELE
        LEVINE SMANSKY P.C.
Attorneys for Defendant
**TARGET CORPORATION**
521 Fifth Avenue 17th Floor
New York, New York 10175
(212)461-7190
File No.:TARN-173-ML
mitch@fishmanmcintyre.com


*Steven M. O'Connor*
Steven M. O'Connor (SMO-8230)